IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 09-119-SLR |
| ) | |
| KEITH SINGLETON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of January, 2012, having considered defendant's emergency motion to stay and the government's response thereto;

IT IS ORDERED that said motion (D.I. 130) is denied, for the reasons that follow:

1. On September 3, 2010, following his conviction on multiple fraud counts at trial, a jury returned a Special Verdict pursuant to Fed. R. Crim. P. 32.2(b)(5), finding that defendant's interest in 7 Devonshire Drive, Schwenksville, Pennsylvania ("the property") was subject to foreclosure to the United States of America. Pursuant to Fed. R. Crim. P. 32.2(b)(1), the court entered a preliminary order of forfeiture on January 18, 2011.

2. On March 22, 2011, defendant was sentenced to 96 months imprisonment for his role in the conduct of conviction, which derived more than $2.000.000 in fraud proceeds. The forfeiture was included as part of the sentence, over defendant's objections, and the order of forfeiture became final at that time pursuant to Fed. R.

Crim. P. 32.2(b)(4). Although defendant timely appealed his conviction to the United States Court of Appeals for the Third Circuit, he made no specific challenge to his sentence or to the forfeiture of the property.

3. Pursuant to the preliminary order of forfeiture, an ancillary proceeding was commenced to resolve any third party interests in the property. Neither defendant's fiancee nor children asserted an interest therein. The United States acknowledged the interest of Wells Fargo Bank, N.A. as the lien holder on the property, and the government and the mortgage company resolved their respective interests through a Settlement Agreement. (D.I. 125) Following entry of the Settlement Agreement, on November 29, 2011, the court entered a final order of forfeiture, vesting all right, title and interest in the property in the United States. (D.I. 127)

4. On December 14, 2011, following entry of the Final Order of Forfeiture, the United States posted a Notice to Vacate on the door of the property, as no one answered the door and it was not apparent that anyone was living on the premises. The Notice to Vacate required occupants to vacate within thirty days of the notice and provided contact information for the Supervisory Deputy United States Marshal overseeing the seizure of the property.

5. Despite the notice given to defendant and anyone entering the property, defendant filed the instant emergency motion to stay just two days before the government's agent was scheduled to "change the locks and take full possession of the property." (D.I. 130, ex. B).[1] The only ground for the motion is that defendant "has

---

[1]The property is scheduled to be seized tomorrow, Friday, January 27, 2012. According to defendant, the "'lockout' upon the defendant's family at the property is to

2

indicated to [his counsel] that he intends to Petition the [Third Circuit] for a Rehearing [En Banc]" because "Defendant has meritorious arguments and expects to be successful." (D.I. 130, ¶¶ 9, 11)[2]

6. Clearly, "[a]n en banc hearing or rehearing is not favored and ordinarily will not be ordered." Fed. R. App. P. 35(a). Such hearings are generally ordered only where there is a conflict with the decision and either a Supreme Court decision or another decision of the same court of appeals, or where there is a question of "exceptional importance." Id. Defendant's appeal was affirmed in a non-precedential, unanimous opinion (D.I. 130, ex. C); defendant fails to identify any ground, let alone an adequate ground, for an en banc hearing.

7. Moreover, the government would be prejudiced by entry of a stay. At present, the United States owns the property and, accordingly, has assumed the obligations of ownership, including the insurance costs and the significant mortgage liability. Assuming for purposes of this proceeding that defendant's fiancee and her children are living on the property, they have done so for the past two years without paying rent or the mortgage, and their continued presence prevents the government from performing necessary maintenance and preparing the property for sale.

8. For these reasons, the court denies defendant's motion to stay the United

---

occur" "circa 9:00 Am" on Friday. (D.I. 130 at 2, ¶ 7)

[2]Although defendant argues that his "fiancee and two children will be irreparably harmed in the event they were forcibly locked out of the premises" (id. at ¶ 13), there is no evidence of record that anyone is actually living on the property. Moreover, even if the defendant were ultimately successful in reversing his conviction, the mortgage company would undoubtedly step in and foreclose.

3

States from taking physical custody of 7 Devonshire Drive, Schwenksville, Pennsylvania on Friday, January 27, 2012.

      _____
      United States District Judge